1  Stephen D. Lemish, CSB # 123793
   Attorney at Law
2  152 West Park Avenue
   Suite 150
3  El Cajon, California 92020

4  (619) 444-5525

5  Attorney for Defendant JOSE ALVARADO-NOLASCO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Larry A. Burns)

| UNITED STATES OF AMERICA, | ) | Criminal No.07-CR0880-LAB |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS: |
| v. | ) | |
| JOSE ALVARADO-NOLASCO | ) | 1) FOR DISCOVERY; and |
| | ) | 2) FOR LEAVE TO FILE ADDITIONAL MOTIONS |
| Defendant. | ) | |
| | ) | Hearing Date:  May 5, 2008 |
| | ) | Time:          2:00 p.m. |

I

## STATEMENT OF FACTS

Defendant JOSE ALVARADO-NOLASCO (hereinafter "Mr. ALVARADO") was named in an indictment charging Deported Alien Found in the United States in violation of Title 8, U.S.C. Secs. 1326(a) and (b).

At this time defendant does not have sufficient discovery and has not completed sufficient investigation to bring his substantive motions.

///

///

///

**II**

**POINTS AND AUTHORITIES**

**A.    Motion to Compel Discovery**

Counsel has received some written discovery in this case. Nonetheless, Mr. ALVARADO moves for the production by the government of the items listed below. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir.), cert. denied, 483 U.S. 858 (1989):

(1)    <u>The Defendant's Statements</u>    Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant (See <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2)    <u>Arrest Reports, Notes and Dispatch Tapes</u>    The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest or any questioning, if such reports have not already been produced in their entirety, be turned over immediately. This request includes, but is not limited to, any rough notes, records,

1  reports, transcripts or other documents in which statements of the defendant or any
2  other discoverable material is contained.  This is all discoverable under Fed. R. Crim.
3  P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See also United States v.
4  Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United
5  States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp.
6  791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393
7  U.S. 867 (1968).  Arrest reports, investigator's notes, memos from arresting officers,
8  dispatch tapes, sworn statements, and prosecution reports pertaining to the
9  defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and ©, Fed. R. Crim. P.
10 26.2 and 12(I);
11            (3)   Reports of Scientific Tests or Examinations   Pursuant to Fed.
12 R. Crim. P. 16(a)(1)(F),  the defendant requests the reports of all tests and
13 examinations conducted upon the evidence in this case, including but not limited to
14 the scientific chemical testing done upon the drugs seized in this case to determine if
15 it was indeed cocaine and any fingerprint testing done upon any evidence seized in
16 this case, that is within the possession, custody, or control of the government, the
17 existence of which is known, or by the exercise of due diligence may become known,
18 to the attorney for the government, and which are material to the preparation of the
19 defense or are intended for use by the government as evidence in chief at the trial;
20            (4)   Brady Material   The defendant requests all documents,
21 statements, agents' reports, and tangible evidence favorable to the defendant on the
22 issue of guilt and/or which affects the credibility of the government's case.
23 Impeachment as well as exculpatory evidence falls within Brady's definition of
24 evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985);
25 United States v. Agurs, 427 U.S. 97 (1976);
26            (5)   Any Information that May Result in a Lower Sentence under the
27 United States Sentencing Guidelines (U.S.S.G.)    As discussed above, this
28 information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This

request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6)   <u>The Defendant's Prior Record</u>   Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D);

(7)   <u>Any Proposed 404(b) Evidence</u>   Evidence of prior similar acts is discoverable under Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given at least three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8)   <u>Evidence Seized</u>   Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E);

(9)   <u>Request for Preservation of Evidence</u>   The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10)   <u>Tangible Objects</u>   The defendant requests, under Fed. R. Crim.

P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) <u>Evidence of Bias or Motive to Lie</u>   The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

(12) <u>Impeachment Evidence</u>   The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, supra. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>   The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>   The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

            (15)   Witness Addresses    The defendant requests the name and last known address of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

            (16)   Name of Witnesses Favorable to the Defendant    The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify the defendant or who was unsure of the defendant's identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

            (17)   Statements Relevant to the Defense    The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that might be asserted.  United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

            (18)   Jencks Act Material    The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th

6

1  Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with
2  the subject of the interview the notes are then subject to the Jencks Act.  The
3  defense requests pre-trial production of Jencks material to expedite cross-
4  examination and to avoid lengthy recesses during trial;

5  (19)   Giglio Information   Pursuant to Giglio v. United States, 405 U.S.
6  150 (1972), the defendant requests all statements and/or promises, express or
7  implied, made to any government witnesses, in exchange for their testimony in this
8  case, and all other information which could arguably be used for the impeachment of
9  any government witnesses;

10  (20)   Personnel Records of Government Officers Involved in the Arrest
11  The defendant requests all citizen complaints and other related internal affairs
12  documents involving any of the immigration officers or other law enforcement officers
13  who were involved in the investigation, arrest and interrogation of the defendant,
14  pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974).  See Cal. Penal
15  Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1043, 1045.   Because of the sensitive
16  nature of these documents, defense counsel will not be able to procure them from
17  any other source;

18  (21)   Government Examination of Law Enforcement Personnel Files
19  The defendant requests that the government examine the personnel files and any
20  other files within its custody, care or control, or which could be obtained by the
21  government, for all testifying witnesses, including testifying officers.  The defendant
22  requests that these files be reviewed by the government attorney for evidence of
23  perjurious conduct or other like dishonesty, or any other material relevant to
24  impeachment, or any information that is exculpatory, pursuant to its duty under
25  United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 510 U.S. 933
26  (1993); Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Lacy, 896 F.
27  Supp.982 (N.D. Ca.1995).  The obligation to examine files arises by virtue of the
28  defense making a demand for their review. This Court should therefore order the

7

1  government to review all such files for all testifying witnesses and turn over any
2  material relevant to impeachment or that is exculpatory to the defendant prior to trial.
3  The defendant specifically requests that the prosecutor, not the law enforcement
4  officers, review the files in this case.  Only the prosecutor has the legal knowledge
5  and ethical obligations to fully comply with this request; and
6        (23)   <u>Expert Summaries</u>   Written summaries of all expert testimony
7  that the government intends to present under Federal Rules of Evidence 702, 703 or
8  705 during its case in chief, written summaries of the bases for each expert's opinion,
9  and written summaries of the experts' qualifications.  Fed. R. Crim. P. 16(a)(1)(G).
10       **(24)**   <u>**Immigration "A-File"**</u>   Mr. Alvarado requests access and copies
11       (if
12 necessary) to his entire Immigration "A-File."  Such file is discoverable and relevant
13 to the instant proceedings.  If not included in the "A-File," Mr. Alvarado also requests
14 any and all documents which will be used by the government to prove the defendant
15 was lawfully deported and any tape of the immigration hearing on which the
16 government intends to rely.
17       **B.   JOSE ALVARADO-NOLASCO**
            **MOVES FOR LEAVE TO**
18            **FILE FURTHER MOTIONS.**
19       Of course the defense cannot anticipate, at this time, each and every
20 motion which may be appropriate upon completion of discovery and investigation.
21 Therefore, the defendant respectfully requests additional leave to file whichever
22 additional motions may be related to newly discovered facts or disclosures.  In
23 addition, the defendant moves for additional time to file a motion to suppress
24 evidence.
25 ///
26 ///
27 ///
28 ///

8

### III
### CONCLUSION

Based on the above, JOSE ALVARADO-NOLASCO respectfully requests this court grant his motions.

Dated: April 21, 2008

Respectfully Submitted,

s/ Stephen D. Lemish
Stephen D. Lemish, Attorney for Defendant
JOSE ALVARADO-NOLASCO
steve.lemish@sbcglobal.net

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

(Hon. Larry A. Burns)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.07-CR0880-LAB |
| Plaintiff, | |
| | CERTIFICATE OF SERVICE |
| v. | |
| JOSE ALVARADO-NOLASCO | Hearing Date:   May 5, 2008 |
| | Time:   2:00 p.m. |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Stephen D. Lemish, am a citizen of the United States and I am over the age of eighteen years old. My business address is 152 W. Park Avenue, Suite 150, El Cajon, CA 92020.

I am not a party to the above-caption matter. I caused the filing of the following document(s)

<u>Motion for Discovery and Motion for Leave to File Further Motions and Points and Authorities in Support (of such motions)</u>

by electronically filing such document(s) with the Clerk of the U.S. District Court, Southern District of California, through that court's Electronic Filing System (ECF) on  April 21, 2008  .

By virtue of such filing, I am informed and believe the Assistant United States Attorney assigned to this case has been electronically served with the above-listed documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 21, 2008

/s/ Stephen D. Lemish
Stephen D. Lemish, declarant
steve.lemish@sbcglobal.net