```
 1  KAREN P. HEWITT
    United States Attorney
 2  PAUL S. COOK
    Assistant U. S. Attorney
 3  California Bar No. 79010
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5687
    pcook@usdoj.gov
 6

 7  Attorneys for the United States of America

 8
                        UNITED STATES DISTRICT COURT
 9
                       SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,      )   Criminal Case No.  08CR0880-LAB
11                                 )
                   Plaintiff,      )   DATE: March 5, 2008
12                                 )   TIME: 2:00 p.m.
          v.                       )
13                                 )
    JOSE REFUGIO ALVARADO-NOLASCO, )
14                                 )
                                   )   GOVERNMENT'S RESPONSE AND
                                   )   OPPOSITION TO DEFENDANT'S
15                                 )   MOTIONS:
                                   )
16                 Defendant.      )   (1)  TO COMPEL DISCOVERY
                                   )   (2)  FOR LEAVE TO FILE FURTHER
17                                 )           MOTIONS
                                   )
18                                 )   TOGETHER WITH STATEMENT OF FACTS,
                                   )   MEMORANDUM OF POINTS AND
19                                 )   AUTHORITIES AND GOVERNMENT'S
                                   )   MOTIONS FOR RECIPROCAL DISCOVERY
20  _____)   AND FINGERPRINT EXEMPLARS
```

21       The United States of America, by its counsel, Karen P. Hewitt,

22  United States Attorney, and Paul S. Cook, Assistant United States

23  Attorney, hereby responds to and opposes Defendants' above-captioned

24  Motions.  This response and opposition is based upon the files and

25  records of the case, together with the attached statement of facts and

26  memorandum of points and authorities.  The Government also hereby

27  files its motion for reciprocal discovery and fingerprint exemplars.

28

**I**
**STATEMENT OF FACTS**

On Saturday, March 1, 2008 at 9:00 a.m., a United States Border Patrol(USBP) Agent responded to a seismic intrusion device in the area known as the Cuchama Truck Trail, near Barrett, California. This area is approximately three and a half miles east of the Tecate, California, Port of Entry (POE) and one mile north of the United States/Mexico border. The USBP Agent found Defendant and two others walking northbound on the trail.

Defendant told the Agent that he was born in and a citizen of Mexico, and had no documents which allowed him to enter the United States. The Defendant also admitted that he had illegally entered the United States the day before (February 29, 2008) through the mountains west of the Tecate, California, POE. The Defendant was transported to the Brown Field Border Patrol Station.

At 3:21 p.m., Defendant was advised, in Spanish, of his right to speak to a Mexican Consular official, and declined to exercise that right. At 3:26 p.m., Defendant was advised of his <u>Miranda</u> rights and elected not to answer any questions.

Defendant was ordered deported from the United States on April 27, 2005, by an Immigration Judge and was physically removed on May 7, 2005, through San Ysidro, California. He has been removed from the United States approximately eight times since 2001. The most recent removal, pursuant to the 2005 Immigration Judge's Order, was through San Ysidro, California on September 7, 2007. Defendant has two convictions in the District of Arizona for violation of Title 8 U.S.C. § 1325, (May 5, 2002, and July 28, 2002). He also has two convictions

for violation of Title 8 U.S.C. § 1326, one on November 2, 2002, in the District of Arizona, and the second on January 3, 2006, before this Court in the Southern District of California.

## II
## THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules.  The United States has provided Defendants with 164 pages of discovery including: the arrest reports, the Defendant's criminal history; a CD of Defendant's interview; and immigration documents relevant to his deportations.  Regarding some of the specific requests made by the Defendant which are not covered by the above acknowledgment, the United States responds as follows:

   1.   Rule 404(b) Evidence

The United States hereby provides Defendant with notice of its intent to present evidence pursuant to Rule 404(b).  The Government intends to use one or more of the Defendant's four prior arrests for Illegal Entry or Deported Alien found in the United States (as mentioned above), and any statements he made regarding his citizenship and right to be in the United States. The Government has provided arrest reports and other court documents relevant to Defendant's prior arrests and guilty and pleas.

   2.   Evidence Seized and Tangible Objects

No items of evidentiary value were seized from the Defendant. The Government will provide copies of or an opportunity to inspect all

documents, and tangible things material to the defense, intended for use in the Government's case in chief.

### 3. List and Addresses of Witnesses

The Government has provided Defendant with the investigative reports relating to this crime. These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation. The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

4.   <u>Expert Witnesses</u>

The Government will timely notify Defendant of its expert witnesses, such as a fingerprint expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

5.   **Personnel Records, *Henthorn* and *Giglio* Evidence**

The United States will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  See <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)).  If the materiality of incriminating information in the personnel files is in doubt, the information will be submitted to the Court for an <u>in camera</u> inspection and review.

Defendant's request that the specific prosecutor in this case review the personnel files is unwarranted and unnecessary. <u>Henthorn</u> expressly provides that it is the "government," not the prosecutor, which must review the personnel files.  <u>Henthorn</u>, 931 F.2d at 30- 31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews.  The United States opposes the request for an order that the prosecutor personally review the personnel files.

Defendant has not cited any Federal authority that requires the United States to produce complaints or internal affairs documents. The <u>Pitchess</u> case is inapplicable in federal court, and the United States will be controlled by the obligations imposed by <u>Henthorn</u>. Moreover, <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974) has been superceded by statute.  See <u>Fagan v. Superior Court</u>, 111 Cal. App.4th 607 (2003).  <u>Pitchess</u> involved a criminal case in which a defendant who claimed to have acted in self-defense sought evidence as to the police officers' use of force on previous occasions. <u>Pitchess</u>, 11 Cal. 3d at 534, 535.  <u>Pitchess</u> is simply inapplicable to Defendant's case.

The United States will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

6.     <u>Criminal Investigation of Any Government Witnesses</u>

The Government is unaware of any criminal involvement by any prospective government witness, or that any witness is under investigation.  Defendant's reliance on <u>United States v. Chitty</u>, 760

F.2d 425 (2nd Cir. 1985), in support of these requests is misplaced. In Chitty, the Second Circuit held that such information was discoverable where the Government witness had been told he was under investigation and thus had a motive to testify favorably for the Government. Id. at 428.

Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendant is not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

7. **Bias, Motive to Lie and Impeachment Evidence Of Prospective Witnesses**

The Government is unaware that any information demonstrating that a witness is biased against Defendant or has a motive to lie. As noted above, the Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

      8.    Evidence Affecting Perception, Recollection,
                  <u>Ability to Communicate, or Truth Telling</u>

The Government is unaware of any witness with perception or recollection problems.

      9.    <u>A-File and Deportation Tape</u>

Regarding Defendant's request to inspect and copy the entire Alien Registration File ("A-File") associated with Defendant, the United States objects, since the A-File is not Rule 16 discoverable information. The Government has produced and will continue to produce relevant immigration documents from the Defendant's A-File. However, the A-File also contains information that is not discoverable, such as internal government documents and witness statements. (See Fed. R. Crim. P. 16(a)(2)). The United States will produce documents it intends to use in its case-in-chief. A fishing expedition through the A-file is not warranted. Evidence is material under <u>Brady</u> only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. <u>See United States v. Antonakeas</u>, 255 F.3d 714, 725 (9th Cir. 2001). Defendant has not specified which documents in the A-File are material, and to which he is entitled.

The Government will provide Defendant a copy of his April 27, 2005, Deportation Hearing tape.

**III
LEAVE TO FILE FURTHER MOTIONS**

The Government has no objection to this motion.

**IV**
**THE GOVERNMENT'S MOTION FOR RECIPROCAL**
**DISCOVERY SHOULD BE GRANTED**

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. See Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

**V**
**MOTION FOR FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326

prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**VI**
**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: April 28, 2008.

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney


          s/Paul S. Cook
          PAUL S. COOK
          Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )    Case No. 08cr0880-LAB
                               )
           Plaintiff,          )
                               )
     v.                        )
                               )    CERTIFICATE OF SERVICE
JOSE REFUGIO ALVARADO-NOLASCO, )
                               )
           Defendant.          )
                               )
```

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.   Stephen D. Lemish

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2008.

                              s/Paul S. Cook
                              PAUL S. COOK