Stephen D. Lemish, CSB #123793
Attorney at Law
152 West Park Avenue
Suite 150
El Cajon, California 92020

(619) 444-5525

Attorney for Defendant JOSE ALVARADO-NOLASCO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Larry A. Burns)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.   08-CR0880-LAB |
| Plaintiff, | ) | |
| | ) | MOTIONS IN LIMINE |
| v. | ) | |
| | ) | |
| JOSE ALVARADO-NOLASCO, | ) | |
| | ) | |
| Defendant. | ) | Hearing Date:     June 30, 2008 |
| | ) | Time:                  2:00 p.m. |

**TO:   KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY,
AND CARLOS CANTU, ASSISTANT U.S. ATTORNEY**

**I**

**PRELIMINARY STATEMENT OF FACTS**

Defendant JOSE ALVARADO-NOLASCO [hereinafter, "Mr. ALVARADO"] was indicted for violating 8 U.S.C. section 1326.    The government alleges Mr. ALVARADO attempted to enter the United States Without the permission of the attorney general after having been previously deported.  The government also alleges Mr. ALVARADO was previously deported in a valid manner.

**1.    Motion to Present Evidence of Reason to Enter**

The defendant has what can only be characterized as a "profound

sense of justice."  He indicates he has a valid and good reason to keep returning to the United States.  Mr. Alvarado indicates he was injured while in the custody of the attorney general due to the negligence of the Bureau of Prisons or its contractors. He indicates he was injured and that it is the duty of the United States to provide him either medical care for such injuries or money he can use in Mexico to be treated for such injuries.  Mr. Alvarado also has other claims against various governmental agencies, including, but not limited to theft of his property.

As such, Mr. ALVARADO believes he should be able to express his reasons for returning to the United States at his public trial.

## 2.    MR. ALVARDO'S ALLEGED PRIOR BAD ACTS MAY NOT BE USED AGAINST HIM

### A.    The Government Has Not Complied With The Notice Requirements of Fed. R. Evid. 404(b).

Fed. R. Evid. 404(b) requires that the Government give notice of the "general nature" of any prior act evidence that it may seek to introduce.  As of this writing, the Government has provided no notice of the "general nature" of any 404(B) evidence.  Therefore, any such evidence should be excluded for failure to comply with Rule 404(b).

### B.    Defendant's Prior Acts Are Not Admissible Under Rule 404(b).

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) limits the purposes for which evidence of prior crimes, wrongs, or acts may be admitted.  Prior acts are inadmissible to show that the defendant has a propensity or disposition for criminal activity, or that he or she acted in conformity with the character trait suggested by the evidence.  However, there are some permissible uses of such evidence and the court must balance the use of 404(b) evidence against its

profoundly prejudicial effects on the defendant.

The Ninth Circuit has articulated a four part test for the admissibility of evidence under Rule 404(b).

1)   Proof that the defendant committed the other crime must be clear and convincing;

2)   The prior criminal conduct must not be too remote in time from the commission of the crime charged;

3)   The prior criminal conduct must, in some cases, be similar to the offense charged; and

4)   The prior conduct must be introduced to prove an element of the charged offense that is a material issue in the case.

United States v. Miller, 874 F.2d 1255, 1268 (9th Cir. 1989), amended 884 F.2d 1149 (9th Cir. 1989) (citations omitted), cert. denied, 510 U.S. 894 (1993).  The Supreme Court has modified the first requirement to permit the admission of the evidence if a showing is made sufficient "to support a finding by the jury that the defendant committed the similar act."  Huddleston v. United States, 485 U.S. 681, 685 (1988).  The Supreme Court emphasized, however, that mere "unsubstantiated innuendo"  would not meet this standard.  Id. at 689.

**C.      Even If Any Prior Acts of Mr. ALVARADO Are Admissible, They Should Be Excluded Because the Prejudice Resulting from Their Admission Outweighs Any Possible Probative Value.**

Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues."   As the court noted in Miller, 404(b) evidence "may still be excluded under Rule 403 on the grounds that its prejudicial effect outweighs its probative value."  Id. at 1268.

While balancing these interests, "the trial court should also consider the need for evidence of prior criminal conduct to prove a particular point."  Bailleaux 685 F.2d at 1112. (citation omitted).  Thus, evidence should not be admitted unless there is

3

1  an identifiable need for it.

2       Taking into account the potential for unfair prejudice, and the lack of any

3  probative value, this Court should exclude any Rule 404(b) evidence.  Even if any acts

4  have some relevance to the instant charges, the evidence should nonetheless be

5  excluded as admission of these items would tend unfairly to prejudice the jury against

6  Mr. ALVARADO.

7          **3.**    **Mr. ALVARADO'S ALLEGED PRIOR**

              **CONVICTIONS SHOULD NOT BE USED TO**

8                **IMPEACH UNDER RULE 609.**

9      According to the rap sheet produced by the Government, Mr. ALVARADO

10  suffered at least one prior felony conviction.  It is anticipated that if Mr. ALVARADO

11  testifies, the Government will attempt to introduce prior convictions as impeachment

12  material under Rule 609(a)(1) of the Federal Rules of Evidence.  However, even under

13  Rule 609(a)(1), such evidence is inadmissible.

14      Rule 609 provides:

15  (a)    General rule.  For the purpose of attacking the credibility of a witness,

16  (1)    evidence that a witness other than an accused has been convicted of

17  a crime shall be admitted, subject to Rule 403, if the crime was punishable by

18  death or imprisonment in excess of one year under the law under which the

19  witness was convicted, and <u>evidence that an accused has been convicted of</u>

20  <u>such a crime shall be admitted if the court determines that the probative value</u>

21  <u>of admitting this evidence outweighs the prejudicial effect to the accused</u>.

22  Fed. R. Evid. 609(a)(1) (emphasis added).  The plain language of Rule 609(a)(1) and

23  the 1990 Advisory Committee Note clearly indicate that the standard governing the

24  admissibility of a criminal defendant's prior felony conviction is more stringent than the

25  standard governing the admissibility of prior felony convictions of other witnesses.  *See* 3

26  Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence, § 609[04], at 609-42

27  (1996) ("The amended Rule 609(a)(1) was intended to resolve the problems of fairness

28  by treating criminal defendants differently from other witnesses.  The Advisory

1  Committee was aware of the 'unique risk of prejudice' faced by criminal defendants who

2  want to testify on their own behalf: that prior conviction evidence will be 'misused by a

3  jury as propensity evidence.'") (quoting 1990 Advisory Committee Note).  Specifically, in

4  cases where the witness is not a criminal defendant, it is presumed that the prior

5  conviction is admissible and therefore the party seeking exclusion has the burden of

6  showing that the probative value of the prior conviction "is substantially outweighed by

7  the danger of unfair prejudice" under Rule 403.  Such a standard, however, does not

8  apply to the prior convictions of testifying criminal defendants.  Rather, there is a

9  presumption against the admission of a criminal defendant's prior conviction and "[t]he

10  Government bears the burden of showing . . . that the proffered evidence's probative

11  value substantially outweighs its prejudicial effect."  United States v. Alexander, 48 F.3d

12  1477, 1488 (9th Cir.1995) (emphasis added), cert. denied, 516 U.S. 878 (1995).

13        Whether the Government has successfully rebutted the presumption

14  against admissibility depends on the balancing of five factors outlined by the Ninth

15  Circuit in United States v. Cook, 608 F.2d 1175 (9th Cir. 1979) (en banc), cert. denied,

16  444 U.S. 1034 (1980). See also Alexander 48 F.3d at 1477.  These factors are: (1) the

17  impeachment value of the prior conviction; (2) the temporal relationship between the

18  conviction and the subsequent history of the defendant; (3) the similarity between the

19  prior offense and the offense charged; (4) the importance of the defendant's testimony;

20  and (5) the centrality of the credibility issue.  Cook, 608 F.2d at 1185 n.8 (citing Gordon

21  v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029

22  (1968)).  After evaluating these five factors, it is clear that the Government cannot show

23  that the probative value of Mr. Defendant's prior convictions substantially outweighs its

24  prejudicial effect so as to rebut the presumption against admissibility.

25                    4.    **THE COURT SHOULD EXCLUDE EXPERT TESTIMONY**

26        Despite defense counsel's request in its motion requesting discovery for

27  notification of the expert testimony the Government intends to introduce, defense

28

counsel has not received such notice as contemplated by Rule 16.[1]  Because the

defense has not received any notice of intended experts and expert testimony, Mr.

ALVARADO  has not been able to properly prepare his defense.  At present, he can

neither properly contest the admissibility of expert testimony, nor properly prepare a

cross-examination of Government witnesses.  Additionally, without providing the proper

notice, there is no way of knowing whether the proposed evidence is relevant;

admissible under Rule 403; or even proper "expert" testimony under Rule 702.

Accordingly, Mr. ALVARADO requests that the Government be precluded from or limited

in introducing the following expert testimony, should the Government ever give notice of

its intent to present such expert testimony.  See Fed. R. Crim. P. 16(d)(2) ("If at any time

during the course of the proceedings it is brought to the attention of the court that a party

has failed to comply with this rule, the court may . . . prohibit the party from introducing

evidence not disclosed, or it may enter such other order as it deems just under the

circumstances.  The court may specify the time, place, and manner of making the

discovery and inspection and may prescribe such terms and conditions as are just.").

> Dated:   June 16, 2007

> Respectfully submitted,


> /s/ Stephen D. Lemish
> Stephen D. Lemish, Attorney for Defendant
> JOSE ALVARADO-NOLASCO
> steve.lemish@sbcglobal.net

---

[1] Rule 16 provides in relevant part: "At the defendant's request, the Government shall disclose to the defendant a written summary of testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subdivision shall describe the witnesses' opinions the bases and the reasons for those opinions, and the witnesses' qualifications.  Fed. R. Crim. P. 16(a)(1)(E).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Larry A. Burns)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.   08-CR0880-LAB |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JOSE ALVARADO-NOLASCO, | ) | |
| | ) | |
| Defendant. | ) | Hearing Date:   June 30, 2008 |
| | ) | Time:            2:00 p.m. |

I, Stephen D. Lemish, declare as follows:

The attached MOTIONS IN LIMINE was caused to be filed by me on June 16, 2008 through Electronic filing (ECF) with the Office of the Clerk, United States District Court, Southern District of California.

By virtue of the ECF system, I am informed and believe the Assistant United States Attorney assigned to this case and all interested parties were served electronically upon filing of this document.

I declare under penalty of perjury under the laws of the Untied States the foregoing is true and correct.

Dated: June 16, 2008

/s/ Stephen D. Lemish
Stephen D. Lemish, Attorney for Defendant
JOSE ALVARADO-NOLASCO
steve.lemish@sbcglobal.net

7

08-CR0880-LAB