KAREN P. HEWITT
United States Attorney
CARLOS O. CANTU
Special Assistant United States Attorney
Government Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199
Email: carlos.cantu@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v ) <br> ) <br> ) <br> JOSE REFUGIO ) <br> ALVARADO-NOLASCO, ) <br> Defendant. ) <br> _____ ) | Criminal Case No. 08CR0880-LAB <br><br> DATE:   June 16, 2008 <br> TIME: 2:00 p.m. <br> Before Honorable Larry A. Burns. <br><br> UNITED STATES' MOTIONS IN LIMINE <br> TO ALLOW 404(b) EVIDENCE <br><br> TOGETHER WITH STATEMENT OF <br> FACTS AND MEMORANDUM OF POINTS <br> AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos O. Cantu, Special Assistant U.S. Attorney, and hereby files its Motion In Limine to Allow 404(b) Evidence in the above-referenced case. Said motion is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On March 26, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on May 5, 2008, and entered a not guilty plea. On April 21, 2008, Defendant filed motions to compel discovery and grant leave to file further motions. The Government responded to these motions on April 28, 2008.

Also on April 28, 2008, the Government filed motions for reciprocal discovery and fingerprint exemplars. On May 9, 2008, the Court denied Defendant's motion to file further motions and granted Government's motion for reciprocal discovery. The Court denied the Government's motion for fingerprint exemplars.

On May 9, 2008, the Court set a trial date of June 17, 2008, 9:00 a.m., and a motion *in limine* date of June 16, 2008, at 2:00 p.m.

## II

## STATEMENT OF FACTS

### A.   INSTANT OFFENSE

On March 1, 2008, at approximately 9:00 a.m., U.S. Border Patrol Agent W. Bowes responded to the activation of a seismic intrusion device near Barrett Junction, California. This area is located approximately three and a half miles west of the Tecate, California, Port of Entry, and one mile north of the international boundary between the Untied States and Mexico. Agent Bowes arrived at the location of the seismic intrusion device and noticed footprints in the area. Agent Bowes began walking northbound on a trail that is commonly used by illegal aliens to further their illegal entry into the United States.

At approximately 9:30 a.m., Agent Bowes observed three subjects walking north on the trail ahead of him. Agent Bowes approached the subjects, identified himself as a Border Patrol Agent in both the English and Spanish languages, and questioned them as to their immigration status. All three subjects, including the Defendant, stated they were born in Mexico and were citizens of Mexico. Agent Bowes then asked the subjects, including the Defendant, if they possessed any documents to enter or remain in the United States; all three subjects, including the Defendant, stated they did not. Agent Bowes then arrested all three subjects and transported them to the Brown Field Border Patrol station for further processing. Defendant was then Mirandized and invoked.

At the Brown Field Border Patrol station, Agent Bowes conducted queries through the National Crime Information Center (NCIC) database, the Treasury Enforcement Communications System (TECS), the Deportable Alien Control System (DACS), and the Central Index System (CIS). Defendant's fingerprints were also obtained and queried through the Integrated Automated Fingerprint

Identification System (IAFIS) and the Automated Biometric Identification System (IDENT). The results of these queries confirmed that Defendant was a citizen of Mexico and that he had a prior criminal record.

### B. POST-MIRANDA STATEMENT

Border Patrol Agent Bowes advised Defendant of his Miranda rights using service form I-214. Defendant elected to invoke his rights and remain silent.

### C. DEFENDANT'S CRIMINAL HISTORY

In November of 2000, Defendant was convicted of petty theft and was sentenced to jail for five days. In May of 2002, Defendant was convicted of misdemeanor illegal entry in the U.S. District Court of Arizona and sentenced to 75 days in jail. In November of 2002, Defendant was convicted of re-entry after deportation in the U.S. District Court of Arizona and sentenced to 18 months imprisonment and 36 months of supervised release. In January 2006, Defendant was convicted of re-entry after deportation in the U.S. District Court of Southern California and sentenced to 24 months imprisonment and 3 years of supervised release.

### D. DEFENDANT'S IMMIGRATION HISTORY

On September 9, 2007, Defendant was removed to Mexico through San Ysidro, California, pursuant to an Order of Reinstatement. On May 7, 2005, Defendant was removed to Mexico through San Ysidro, California, following an order of Removal from an Immigration Judge. On February 24, 2004, Defendant was removed to Mexico through San Ysidro, California, pursuant to an Order of Reinstatement. On October 25, 2002, July 19, 2002, April 30, 2002, Defendant was removed to Mexico through Nogales, Arizona, pursuant to Reinstatement Orders. On April 17, 2002, Defendant was removed to Mexico through San Ysidro, California, pursuant to a Reinstatement Order. On January 9, 2001, Defendant was removed to Mexico through Nogales, Arizona, following a removal hearing before an Immigration Judge on the same date in Tucson, Arizona.

### III

### MOTION IN LIMINE TO ALLOW 404(b) EVIDENCE

Defendant has been removed from the United States on at least eight occasions from 2002 through 2007 prior to the instant offense. The Government seeks to introduce evidence of four of those

apprehensions under Federal Rule of Evidence 404(b). Rule 404(b) provides, in relevant part:

> (b) **Other Crimes, Wrongs, or Acts.**–Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) is a rule of inclusion one, and "evidence of other crimes is inadmissible under this rule only when it proves nothing but the defendant's criminal propensities." United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992); see also United States v. Hinostroza, 297 F.3d 924, 928 (9th Cir. 2002) ("The only time such evidence may be excluded by rule 404(b) is if the evidence 'tends to prove only criminal disposition.'") (citation omitted, emphasis in original); United States v. Cruz-Garcia, 344 F.3d 951, 954 (9th Cir. 2003) ("[W]e have held that Rule 404(b) is one of inclusion, and if evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it.") (citation omitted).

Evidence offered to prove something other than propensity – such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident – falls within the scope of Rule 404(b). This list is illustrative, not exhaustive. Cruz-Garcia, 344 F.3d at 955; United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997) ("So long as the evidence is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence and the test for admissibility is one of relevance.").

Rule 404(b) is of particular importance in criminal proceedings such as this case where the intent of the accused is a relevant issue. As the Supreme Court indicated in United States v. Huddleston, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Id. at 685.

When offered a purpose other than propensity, evidence of other acts is admissible under Rule 404(b) where: (1) the act tends to prove a material point; (2) it is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; (4) the act is similar to the offense charged; and (5) the act's probative value is not substantially outweighed by unfair prejudice under Rule 403. United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002) (citation omitted).

Application of these factors to Defendant's prior removals weighs heavily in favor of admissibility.

Federal Rules of Evidence 404(b) and 403 allow the government to introduce evidence of multiple removals. United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999). "Rule 404(b) does not exclude evidence forming an essential element of the charged crime." United States v. Martinez-Rodriguez, 472 F.3d 1087, 1091 (9th Cir. 2007) (internal citation omitted).  The Ninth Circuit has squarely stated that "[b]ecause proving that the defendant has been previously removed is an essential element of the government's case under § 1326, the district court did not abuse its discretion under Rule 404(b) in admitting evidence of prior deportations." Id.  Likewise, the admission of evidence of Defendant's multiple removals is also proper in the instant case. See Borunda v. Richmond, 885 F.2d 1384, 1388 (9th Cir. 1988).  The relative probative value and prejudicial effect of the introduction of prior removals clearly outweighs any prejudicial effect by their admission.

Furthermore, the "other act" evidence the Government seeks to introduce is not too remote in time.  There is no bright-line rule requiring the Court to exclude other act evidence after a certain period of time has elapsed. See United States v. Brown, 880 F.2d 1012, 1015 n. 3 (9th Cir. 1989). Defendant's eight prior removals all occurred within the last six years, with the last occurring on September 9 , 2007, less than six months prior to the instant offense.  As such, these prior removals are sufficiently recent for the purposes of Rule 404(b). See, e.g., United States  v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997) (upholding admission of other act that occurred 13 years before charged crime); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (same).

Finally, this evidence is highly probative and is "not the sort of conduct which would provoke a strong and unfairly prejudicial emotional response from the jury." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (1992) (emphasis added).

//
//
//
//
//
//

## IV

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court grant its motion in limine.

DATED: June 16, 2008.

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney


                                                S/ Carlso O. Cantu
                                                CARLOS O. CANTU
                                                Special Assistant United States Attorney
                                                Attorneys for Plaintiff
                                                United States of America
                                                Email: carlos.cantu@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No.  08CR0880-LAB |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| JOSE REFUGIO ALVARADO-NOLASCO, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Carlos O. Cantu, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' MOTION IN LIMINE TO ALLOW 404(b) EVIDENCE** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Stephen D. Lemish**

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2008.

s/ Carlos O. Cantu
CARLOS O. CANTU